IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:23-CR-3074 |
| vs. | |
| VICTOR AARON GONZALES, | TENTATIVE FINDINGS |
| Defendant. | |

The Court has received the revised presentence investigation report and addendum in this case. There are no motions for departure or variance. The defendant has objected (filing 43) to the presentence report.

IT IS ORDERED:

1.  The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a)  give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b)  resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

- (c) impose upon the United States the burden of proof on all Guidelines enhancements;

- (d) impose upon the defendant the burden of proof on all Guidelines mitigators;

- (e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

- (f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. There are no motions to be resolved at sentencing. The defendant has objected to the presentence report in three respects. Filing 43.

- (a) First, the defendant objects to the finding that he is accountable for at least 36.72 kg of methamphetamine mixture. Filing 43 at 1-2. Where there is an objection, the government bears the burden to prove drug quantity by a preponderance of the evidence. *United States v. Young*, 689 F.3d 941, 945 (8th Cir. 2012). Accordingly, the Court will resolve this objection on the evidence at sentencing.

- (b) Second, the defendant objects to the two-level enhancement to the offense level pursuant to U.S.S.G. § 2D1.1(b)(12) for maintaining a premises for the purpose of distributing a controlled substance. Filing 43 at 1. That enhancement applies to a defendant who knowingly maintains a premises (i.e., a building, room, or

enclosure) for the purpose of manufacturing or distributing a controlled substance, including storage of a controlled substance for the purpose of distribution. § 2D1.1, cmt. n.17. But actually recovering an appreciable quantity of drugs from the premises isn't necessary for the enhancement to apply. *See United States v. Armstrong*, 60 F.4th 1151, 1169 (8th Cir.), *cert. denied sub nom. Davis v. United States*, 144 S. Ct. 147 (2023), and *cert. denied sub nom. Page v. United States*, 144 S. Ct. 211 (2023).

Among the factors the Court should consider in determining whether the defendant "maintained" the premises are (A) whether the defendant held a possessory interest in (e.g., owned or rented) the premises and (B) the extent to which the defendant controlled access to, or activities at, the premises. § 2D1.1, cmt. n. 17. Where the defendant actually lives at the premises, this element is normally easily proved. *United States v. Hernandez Lopez*, 24 F.4th 1205, 1208 (8th Cir. 2022); *United States v. Miller*, 698 F.3d 699, 706 (8th Cir. 2012). But holding title to the premises is not required for purposes of this enhancement. *United States v. McArthur*, 11 F.4th 655, 661 (8th Cir. 2021); *United States v. Anwar*, 880 F.3d 958, 971 (8th Cir. 2018).

Manufacturing or distributing a controlled substance need not be the sole purpose for which the premises was maintained, but must be one of the defendant's primary or principal uses for the premises, rather than one of the defendant's incidental or collateral uses for the premises. *Id*. In making this determination, the Court should consider how frequently the premises was used

by the defendant for manufacturing or distributing a controlled substance and how frequently the premises was used by the defendant for lawful purposes. *Id*. But the enhancement may apply when the defendant uses the premises for the purpose of substantial drug-trafficking activities, even if the premises was also his family home at the times in question. *Hernandez Lopez*, 24 F.4th at 1208; *United States v. Sykes*, 854 F.3d 457, 461 (8th Cir. 2017); *Miller*, 698 F.3d at 707.

If the defendant objects to any of the factual allegations contained in the presentence report on an issue on which the government has the burden of proof, such as the base offense level and any enhancing factors, the government must present evidence at the sentencing hearing to prove the existence of the disputed facts. *United States v. Poor Bear*, 359 F.3d 1038, 1041 (8th Cir. 2004). Accordingly, the Court will resolve this issue at sentencing.

(c) Finally, the defendant objects to a four-level enhancement to the offense level pursuant to U.S.S.G. § 3B1.1(a) for being "an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." The presentence report identifies the defendant, "Miyuki Gonzales, Steven Martinez, Jesse Cervantes . . . and the defendant's girlfriend" as the five participants in the criminal activity, and the defendant as the organizer and leader.

The Court's finding regarding the number of participants involved in criminal activity must be supported by a preponderance of the evidence. *United States v. Starks*, 815 F.3d 438, 441 (8th Cir.

2016). A "participant" is one "who is criminally responsible for the commission of the offense, but need not have been convicted." *Armstrong*, 60 F.4th at 1167 (quoting § 3B1.1, cmt. n.1). An individual does not need to be guilty as a principal in the charged offense in order to be "criminally responsible." *Starks*, 815 F.3d at 441. Instead, the individual only needs to give knowing aid in some part of the criminal enterprise. *Id*. In addition, an individual need not be indicted or tried in order to be a participant under § 3B1.1. *Id*. Finally, individuals may be participants even if they do not benefit from commission of the offense. *Id*.

The term "offense" encompasses not only the elements and acts cited in the count of conviction, but also all relevant conduct constituting the contours of the underlying scheme itself. *Id*. Such relevant conduct includes all acts and omissions designed to further the jointly undertaken criminal activity, regardless of whether those acts occurred during commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility. *Id*.

In distinguishing a leadership and organizational role from one of mere management or supervision, titles such as "kingpin" or "boss" are not controlling. *Id*., cmt. n.4. The terms "organizer" and "leader" are to be broadly interpreted. *United States v. Browne*, 89 F.4th 662, 666 (8th Cir. 2023). This enhancement always requires evidence that the defendant directed or procured the aid of underlings. *United States v. Borders*, 829 F.3d 558, 570 (8th Cir. 2016). But to qualify for the enhancement, the defendant need only

organize or lead one other participant. *United States v. Turner*, 94 F.4th 739, 744 (8th Cir. 2024) (citing § 3B1.1 cmt. n.2).

Factors the court should consider include the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others. § 3B1.1(a), cmt. n.4.

There can, of course, be more than one person who qualifies as a leader or organizer of a criminal association or conspiracy. *Id*. And in relatively small criminal enterprises that are not otherwise to be considered as extensive in scope or in planning or preparation, the distinction between organization and leadership, and that of management or supervision, is of less significance than in larger enterprises that tend to have clearly delineated divisions of responsibility. *Id*. But this adjustment does not apply to a defendant who merely suggests committing the offense. *Id*.

Again, because it's the government's burden to prove the defendant's role in the offenses by a preponderance of the evidence, *see United States v. Zeaiter*, 891 F.3d 1114, 1122 (8th Cir. 2018), the Court will resolve this issue at sentencing.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the

preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 19th day of April, 2024.

BY THE COURT:

*John M. Gerrard* (signature)
John M. Gerrard
Senior United States District Judge