IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:23-CR-3074 |
| vs. | |
| VICTOR AARON GONZALES, | ORDER |
| Defendant. | |

This matter is before the Court on the defendant's motion (filing 75) for leave to amend his 28 U.S.C. § 2255 motion (filing 71) and discovery in support of that motion. The Court will grant his motion in part and deny it in part.

LEAVE TO AMEND

First, the defendant asks for an additional 90 days to supplement his § 2255 motion and assert an additional claim. Filing 75 at 1-2. The Court will stay disposition of his § 2255 motion for at least 90 days. But the defendant should be aware than any new claim he brings might be time-barred.

A § 2255 motion must generally be filed within 1 year from "the date on which the judgment of conviction becomes final." § 2255(f)(1). The Court entered its judgment of conviction (filing 64) on July 23, 2024, and the 14-day period for taking an appeal ran on August 6. Fed. R. App. P. 4(b)(1)(A)(i). Thus, the defendant's conviction became final the next day, and the 1-year limitation period from the judgment of conviction will expire on August 7, 2025. *See United States v. Martin*, 408 F.3d 1089, 1090 (8th Cir. 2005); *United States v. Hurst*, 322 F.3d 1256 (10th Cir. 2003); *see also Haroutunian v. I.N.S.*, 87 F.3d 374, 377 (9th Cir. 1996).

So, if the defendant asserts any new claims after August 7, 2025, they may or may not be timely. As the Eighth Circuit has explained with respect to the statute of limitations for initial and amended § 2255 motions:

> Claims made in an amended motion relate back to the original motion when the amendment asserts a claim that arose out of the same conduct, transaction, or occurrence set out in the original motion. To arise out of the same conduct, transaction, or occurrence, the claims must be tied to a common core of operative facts. An amended motion may raise new legal theories only if the new claims relate back to the original motion by arising out of the same set of facts as the original claims. The facts alleged must be specific enough to put the opposing party on notice of the factual basis for the claim. Thus, it is not enough that both an original motion and an amended motion allege ineffective assistance of counsel during a trial. The allegations of ineffective assistance must be of the same time and type as those in the original motion, such that they arise from the same core set of operative facts.

*Dodd v. United States*, 614 F.3d 512, 515 (8th Cir. 2010) (cleaned up). In other words, a claim that's filed 90 days from now—potentially outside the one-year statute of limitations—would only relate back to the defendant's timely initial motion if it's sufficiently related to his original claims. *See id.* at 516-17. Any completely new claims in an "amended" motion could be untimely.

The Court cannot extend that deadline unless there are extraordinary circumstances. *See Byers v. United States*, 561 F.3d 832, 835-37 (8th Cir. 2009); *E.J.R.E. v. United States*, 453 F.3d 1094, 1098 (8th Cir. 2006). But that is "an exceedingly narrow window of relief" and requires proof that the petitioner has

been pursuing his rights diligently and some extraordinary circumstances stood in his way. *Deroo v. United States*, 709 F.3d 1242, 1246 (8th Cir. 2013). And it's impossible to tell at this point, because until the defendant's hypothetical motion is actually filed, the Court cannot determine whether it was diligently pursued. *See id*.

To summarize: because the Court can only decide whether equitable tolling is appropriate at the time a § 2255 motion is filed, the Court <u>cannot</u> extend the limitations period in advance. Nor can the Court even determine when the limitations period began to run without knowing the basis for the defendant's motion. *See* § 2255(f). If the defendant files an amended § 2255 motion later, asserting new claims, he can argue at that time why the Court should extend the 1-year period of limitation or why those claims should relate back to his original motion. (The safer course would be to file any supplemental claims before August 7, 2025.)

### DISCOVERY

The defendant asks the Court to provide him—or order the government to provide him—with "copies of all the Search Warrants involved in this case to include the Warrants, the Supporting Affidavits and Inventory return documents." Filing 75 at 1. But while the Court may authorize a party to conduct discovery in support of a § 2255 motion, the party "requesting discovery must provide reasons for the request." Rules Governing § 2255 Proc. for the U.S. Dist. Cts. Rule 6.

Here, the defendant has alleged no facts showing good cause for discovery: He has not stated what he hopes to find in the materials he requested or how they would help him prosecute his motion. *See Smith v. United States*, 618 F.2d 507, 509 (8th Cir. 1980) (affirming denial of defendant's request for memoranda and communications among counsel); *see*

also *Dyer v. United States*, 23 F.3d 1421, 1424 (8th Cir. 1994); *cf. Harris v. Nelson*, 394 U.S. 286, 300 (1969) (authorizing habeas discovery "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is confined illegally and is therefore entitled to relief"). The Court will deny the defendant's request for preliminary discovery without prejudice to reassertion should the defendant's motion proceed to an evidentiary hearing.

IT IS ORDERED:

1. The defendant's motion for leave to amend and for discovery (filing 75) is granted in part and denied in part as set forth above.

2. The defendant's § 2255 motion (filing 71) is stayed until October 6, 2025.

Dated this 8th day of July, 2025.

BY THE COURT:

John M. Gerrard
Senior United States District Judge