IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>VICTOR AARON GONZALES,<br><br>Defendant. | 4:23-CR-3074<br><br>MEMORANDUM AND ORDER |

This matter is before the Court upon initial review of the *pro se* motion to vacate under 28 U.S.C. § 2255 (filing 71) filed by the defendant, Victor Aaron Gonzales. The motion was timely filed less than 1 year after the defendant's conviction became final. *See* § 2255(f). The Court's initial review is governed by Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

A § 2255 movant is entitled to an evidentiary hearing unless the motion and the files and records of the case conclusively show the movant is entitled to no relief. § 2255(b); *Sinisterra v. United States*, 600 F.3d 900, 906 (8th Cir.

2010). Accordingly, a motion to vacate under § 2255 may be summarily dismissed without a hearing if (1) the movant's allegations, accepted as true, would not entitle the movant to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact. *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995); *see also Sinisterra*, 600 F.3d at 906.

## BACKGROUND

The defendant was charged in 2023 with two drug-related criminal counts. The first was conspiracy to distribute or conspiracy to possess with the intent to distribute fifty grams or more of actual methamphetamine, 500 grams or more of methamphetamine mixture, a detectable amount of cocaine, and a detectable amount of marijuana, on or about February 1, 2022. Filing 1; 21 U.S.C. § 846. The second charge was possession with the intent to distribute fifty grams or more of methamphetamine mixture on or about November 16, 2022. Filing 1; §§ 841(a)(1), 841(b)(1).

The defendant was indicted based on evidence supplied by confidential informants and controlled buys. An officer with the Lincoln/Lancaster County Narcotics Task Force testified at the defendant's sentencing hearing. *See* filing 69 at 5. In 2021 and 2022, he was investigating several individuals suspected of distributing methamphetamine in Lincoln, Nebraska. *See* filing 69 at 6. A black Jeep, registered to the defendant, was observed at one of the residences under surveillance pursuant to that investigation. *See id.*; filing 31 at 13. At that point, the defendant became a person of interest, and the Task Force obtained a warrant for a GPS tracker for the Jeep. *See* filing 69 at 9.

The tracker indicated the defendant frequented two addresses in Lincoln—an apartment on Washington Street and a house on U Street. *See* filing 69 at 9; filing 66 at 8. Based on that information, and other evidence from

- 2 -

confidential informants, the Task Force obtained search warrants for both residences and the defendant's vehicle. At least one of the warrants was a "no-knock" warrant. *See* filing 71-1 at 9. The warrant for the Washington Street address was served on November 16, 2022, and the U Street residence was searched the next day. *See* filing 66 at 8; filing 69 at 10.

The defendant was in the driver's seat of his Jeep near the Washington residence when law enforcement executed the warrant. He asserts he was not directly outside the apartment, but instead he was several doors down the street. Regardless, law enforcement recognized his vehicle and executed the search warrant for the Jeep. Filing 69 at 11. The vehicle contained methamphetamine, and the defendant was arrested. Filing 69 at 11.

The defendant pled guilty to both charges on November 7, 2023. *See* filing 27 at 1. There was no plea agreement. Filing 59; filing 66 at 5. He was sentenced to a total term of 240 months on both counts, to be served concurrently. Filing 64. The defendant did not appeal.

## DISCUSSION

The defendant claims he received ineffective assistance of counsel. Filing 71 at 4; filing 77 at 1. To establish such a claim, the defendant must show that his attorney's performance was deficient and that this prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficient performance can be shown by demonstrating that counsel's performance fell below an objective standard of reasonableness. *Id.* at 688. However, the Court's scrutiny of counsel's performance is highly deferential, because the Court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 689.

To satisfy the prejudice prong of *Strickland*, the defendant must show that counsel's error actually had an adverse effect on the defense. *Gregg v.*

*United States*, 683 F.3d 941, 944 (8th Cir. 2012). He must do more than show that the errors had some conceivable effect on the outcome of the proceeding. *Id*. Rather, he must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id*. A "reasonable probability" is less than "more likely than not," but it is more than a possibility; it must be sufficient to undermine confidence in the outcome of the case. *Paul v. United States*, 534 F.3d 832, 837 (8th Cir. 2008).

In the context of a challenge to a guilty plea, the deficient performance and prejudice are demonstrated if the defendant can prove that (1) his counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's alleged errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58–60 (1985); *Tinajero-Ortiz v. United States*, 635 F.3d 1100, 1103 (8th Cir. 2011).

The defendant had two attorneys during the course of the proceedings. The first attorney he retained; the second was appointed by the Court after the defendant pled guilty but before he was sentenced. *See* filing 33; filing 38. He only alleges that his first attorney provided ineffective assistance. He argues his attorney did not obtain full discovery, did not review the discovery with the defendant, did not adequately investigate the case, and did not file a motion to suppress evidence the defendant argues was unlawfully obtained. Filing 77 at 1; *see also* filing 71 at 4-5, 11.

Most of the defendant's arguments center around an assertion that his arrest and the search of his homes and vehicle violated his Fourth Amendment rights. He argues the GPS tracker was installed without probable cause and that the evidence obtained from the "no-knock" warrant should have been

excluded. According to the defendant, had his attorney filed a motion to suppress, the case would have been dismissed.

Based on the record before the Court, the defendant has failed to demonstrate any indication that counsel acted unreasonably by failing to file a motion to suppress. It's unlikely that such a motion would have been successful: The search warrants issued after several months of surveillance and were based on confidential informant testimony, *see* filing 31 at 14, indicating there was sufficient probable cause. *See United States v. Vinson*, 414 F.3d 924, 930 (8th Cir. 2005). It was at least reasonable for the defendant's counsel to conclude such a motion would be futile, and the defendant has not shown how the failure to file the motion actually had an adverse effect on the defense. *See Gregg*, 683 F.3d at 944.

The defendant also appears to argue the motion to suppress would have been successful because the police executed an unjustifiable no-knock warrant. But suppression of evidence is not the remedy for violating the "knock-and-announce" rule under these facts. Whether officers violated that rule or not, they "would have executed the warrant they had obtained, and would have discovered the [contraband] inside the house[.]" *United States v. Diaz-Ortiz*, 927 F.3d 1028, 1030 (8th Cir. 2019) (quoting *Hudson v. Michigan*, 547 U.S. 586, 594 (2006)). The exclusionary rule would not apply under such circumstances. *Id.*

The defendant also argues that "counsel failed to obtain the full Discovery, failed to provide it and thoroughly review it with" the defendant. Filing 77 at 1. He relatedly argues that, because his counsel failed to investigate, the defendant was not shown discovery, and therefore his plea was not knowing, intelligent, or voluntary. Filing 77 at 1. General allegations about an attorney's failure to investigate do not demonstrate prejudice; rather, a

defendant must identify *specific* evidence that would have affected the outcome of the proceeding. *See Palmer v. Clarke,* 408 F.3d 423, 445 (8th Cir. 2005). It's the defendant's burden to show a reasonable probability that, but for that alleged failure to investigate, the result of the proceeding would have been different.

The defendant has not provided any explanation of what discovery was missing, or what evidence existed, hypothetical or actual, which would have led him to insist on going to trial. *See Witherspoon v. Purkett,* 210 F.3d 901, 903-04 (8th Cir. 2000); *Thomas v. United States,* 951 F.2d 902, 905 (8th Cir. 1991). The defendant's arguments are related to the "search warrants, the truthfulness of the content in the affidavits in support of the warrants, and whether any warrantless stops or searches were allowed." Filing 77 at 1. But for the reasons already explained, none of that evidence could have formed any kind of basis for a defense to the charges, and would not have resulted in a successful motion to suppress. The defendant's bare allegation that he wasn't shown discovery doesn't satisfy his burden. *See United States v. Avalos Banderas,* 894 F. Supp. 2d 1169, 1178 (D. Neb. 2012), *aff'd sub nom. United States v. Banderas,* 858 F.3d 1147 (8th Cir. 2017).

At the change of plea hearing, the government described the evidence it would introduce at trial, and the defendant stated, under oath, that he knew the identity of the confidential informants "through discovery." Filing 26. A defendant's representations during plea-taking carry a strong presumption of verity, and pose a formidable barrier in any subsequent collateral proceedings. *Nguyen v. United States,* 114 F.3d 699, 703 (8th Cir. 1997). And the defendant has not shown anything to rebut that presumption.

The failure to file a meritless motion to suppress does not amount to ineffective assistance of counsel. *See Del Daggett v. United States,* No. 1:21-cv-

67, 2024 WL 4345752, at *7 (E.D. Mo. Sept. 30, 2024) (citing *United States v. Johnson*, 707 F.2d 317, 319 (8th Cir. 1983)); *accord United States v. Abston*, 401 F. App'x 357, 365 (10th Cir. 2010). The defendant has not shown that his counsel's representation fell below an objective standard of reasonableness, nor that the outcome would have been different had his attorney acted differently.

CONCLUSION

The defendant's allegations either entitle him to no relief, or are contradicted by the record. Accordingly, his § 2255 motion will be summarily dismissed. A movant cannot appeal an adverse ruling on his § 2255 motion unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability cannot be granted unless the movant "has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). To make such a showing, the movant must demonstrate that reasonable jurists would find the Court's assessment of the constitutional claims debatable or wrong. *Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *see also Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012).

In this case, the defendant has failed to make a substantial showing of the denial of a constitutional right. The Court is not persuaded that the issues raised are debatable among reasonable jurists, that a Court could resolve the issues differently, or that the issues deserve further proceedings. Accordingly, the Court will not issue a certificate of appealability.

IT IS ORDERED:

1.     The defendant's pro se motion to vacate under 28 U.S.C. § 2255 (filing 71) is denied.

2.    The Court will not issue a certificate of appealability in this matter.

3.    A separate judgment will be entered.

4.    The Clerk is directed to mail a copy of this Memorandum and Order to the defendant at his last known address.

Dated this 3rd day of June, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge